**Bret Knewtson, OSB 03355**
Email: bknewtson@yahoo.com
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
Attorney for Plaintiff

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON

CARISSA HARTUNG,

        Plaintiff,

v.

DANIEL GORDON,
DANIEL GORDON PC, and MIDLAND FUNDING, LLC, AKA MIDLAND FUNDING NCC-2 Corp.

        Defendant.

Case No.

**COMPLAINT**
Unfair Debt Collection Practices;
Violation of 15 USC § 1692 (FDCPA)

**PRELIMINARY STATEMENT**

1. This is an action for money damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, which prohibits abusive, deceptive and unfair debt collection practices.

2. Plaintiff's claims arise from defendants' attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

Plaintiff Complaint

-2-

**JURISDICTION**

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

4. Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

5. Plaintiff Carissa Hartung is a natural person who resides in the City of Forest Grove, County of Washington, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Daniel N. Gordon P.C. (hereinafter *Gordon P.C.)*, is an Oregon domestic Professional Corporation and a debt collector as defined by 15 U.S.C. § 1692a(6).

7. Defendant Daniel Gordon is an individual, a resident of Oregon, an active member of the Oregon State Bar, an employee of *Gordon P.C.* acting within the scope of his employment and a debt collector as defined by 15 U.S.C. § 1692a(6) and operating from an address of PO Box 22338, Eugene OR 97402.

8. Defendant Midland Funding, LLC AKA Midland Funding NCC-2 Corp. (hereinafter "Defendant Midland") is a collection agency operating under the name of Midland Funding NCC-2 Corp. and has offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

9. Defendant alleged that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit card debt which resulted from her use of the

        Associates Credit Card that Defendant Midland allegedly purchased from Associates Credit Card.

10. Sometime thereafter, the alleged debt was assigned, placed with, or otherwise transferred to Defendants for collection from the Plaintiff.

11. On March 23, 2007, Defendant Daniel Gordon filed *Midland Funding LLC, v. Carissa Hartung,* Case No. C071140CV in Washington County Oregon ("the underlying lawsuit").

12. The last payment on the account was made more than six years prior to the commencement of the underlying lawsuit.

13. When the underlying lawsuit was served upon Plaintiff she retained a lawyer. Her lawyer advised Defendants that Plaintiff believed the lawsuit was barred by the statute of limitations.

14. Subsequent to that contact Defendants dismissed the underlying lawsuit without prejudice.

15. Subsequent to the dismissal Defendants continued its collection attempts by contacting Plaintiff by mail despite their knowledge that she is represented by an attorney.

**FIRST CLAIM FOR RELIEF**

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. The attempt to collect the stale debt, which was well beyond Oregon's six-year statute of limitations, through the underlying lawsuit, is an unfair and deceptive practice, and a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

3. Contacting a represented party or causing an entity to contact a represented party for the purpose of collecting a debt when they know the party is represented by a lawyer is a violation of 15 U.S.C § 1692c(a)(2).

4. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

5. As a result of each and every Defendants' violations of the FDCPA, Plaintiff has statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

6. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

Respectfully submitted,

Dated: March 21, 2008

By: __/s/ Bret Knewtson_____
Bret Knewtson, OSB #03355
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com

Attorney for Plaintiff